incident] standing at the window," this Court found the trial judge "properly instructed the jury on the lesser included offense [of Second Degree Reckless Endangering]."[34]

Because there is a reasonable probability that, had the jury received a lesser included offense instruction, it would have convicted White of misdemeanor, instead of felony, Reckless Endangering, White's claim has demonstrated prejudice.

For the foregoing reasons, the judgment of the Superior Court is hereby REVERSED and REMANDED. White's convictions for First Degree Reckless Endangering and Possession of a Firearm During the Commission of a Felony shall be vacated and he shall be afforded a new trial on those charges.

Eric CURRY, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 135, 2017

Supreme Court of Delaware.

Submitted: October 11, 2017

Decided: October 17, 2017

Court Below—Superior Court of the State of Delaware, Cr. ID. No. 1511016417 (K)

VACATED. REMANDED.

Reuben VANDER,[1] Petitioner
Below, Appellant,

v.

Elizabeth DAIGLE, Respondent
Below, Appellee.

No. 180, 2017

Supreme Court of Delaware.

Submitted: October 13, 2017

Decided: October 17, 2017

Court Below—Family Court of the State of Delaware, File No. CN10–05985, Petition No. 16–31694

DISMISSED.

Michael EVANS, Defendant
Below–Appellant,

v.

STATE of Delaware, Plaintiff
Below–Appellee.

No. 247, 2017

Supreme Court of Delaware.

Submitted: August 25, 2017

Decided: October 17, 2017

Court Below: Superior Court of the State of Delaware, Cr. ID 9610000374 (N)

AFFIRMED.

34. *Kauffman, supra* note 5, at 946.

1. The Court previously assigned pseudonyms

to the parties under Supreme Court Rule 7(d).